UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:25-cr-00107-SEB-KMB |
| | ) | |
| ERICK CHRISTIAN, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through Thomas E. Wheeler II, United States Attorney for the Southern District of Indiana, and Carolyn A. Haney and MaryAnn T. Mindrum, Assistant United States Attorneys, hereby files this Sentencing Memorandum in support of a sentence of 480 months (40 years) in prison and 15 years of supervised release.

## I. INTRODUCTION

The sexual exploitation of children is one of the most serious offenses that comes before the Court because it involves the most vulnerable members of our society. The threats facing children are ever increasing, and more difficult for law enforcement to combat, in light of technological advances that give an untold number of predators access to children via the internet. Even more insidious, however, are the predators who abuse children in the place meant to be a child's safe haven—their home. A child's home should be the one place where they are protected and cared for, free from the threat of abuse or exploitation that is so prevalent in the outside world.

The defendant in this case stripped his victim—referred to in this memorandum as Minor Victim 1—from the safety and security that she should have been entitled to in her own home. He turned that home into a house of horrors, where she was subjected to sexual abuse at the hands of

someone she should have been able to trust over the course of many years. The defendant not only repeatedly sexually abused Minor Victim 1, who was in his care at the time the abuse occurred, but he also created images of that abuse for his own twisted pleasure.

The defendant's conduct undoubtedly warrants a substantial prison sentence. A sentence of 480 months is sufficient, but not greater than necessary, to reflect the seriousness of the offense, provide just punishment, achieve deterrence, protect the public, and promote respect for the law, and is warranted in light of the defendant's history and characteristics.

## II. PROCEDURAL HISTORY

On March 28, 2025, a Complaint was filed charging the defendant with one count of sexual exploitation of Minor Victim 1. (Dkt. 1.) On May 28, 2025, an Indictment was filed charging the defendant with two counts of sexual exploitation of Minor Victim 1. (Dkt. 18.) On April 28, 2026, the defendant filed a Petition to Enter a Plea of Guilty. (Dkt. 40.) A change of plea and sentencing hearing is scheduled for November 3, 2026. (Dkt. 48.)

## III. THE OFFENSE CONDUCT

In 2023, law enforcement received information from the Indiana Department of Child Services that a minor female, Minor Victim 1, had been sexually molested by a family member identified as the defendant. (Dkt. 1 at 2, ¶ 24.) When interviewed, Minor Victim 1 stated that the sexual abuse, which included frequent oral intercourse, began when she was approximately six years old and lasted until she was approximately eleven years old. (*Id.* at 4, ¶¶ 25(a), (g).) Minor Victim 1 reported that the defendant would take pictures of her in a "sexual" outfit and while she showered. (*Id.* at 5, ¶ 25(h).) Minor Victim 1 further reported that the defendant forced her to engage in painful vaginal intercourse. (*Id.* at 5, ¶ 26(c).)

A forensic review of the defendant's cell phone revealed two sexually explicit images taken

of Minor Victim 1: one taken of her completely nude in the shower, with her genitals exposed, and the other taken of her genitals and exposed breasts. (PSR at 5, ¶ 11.) Further, there was a collection found on his cell phone of minors (either real or computer-generated) engaged in sexually explicit conduct, some of whom were as young as infants and toddlers. (*Id.* at ¶ 10.)

## IV. APPLICATION OF THE 3553(a) FACTORS

### A. A Sentence of 480 Months Reflects the Seriousness of the Offense and Provides Just Punishment.

As noted above, the defendant sexually abused Minor Victim 1 for years, beginning when she was approximately six years old and continuing until she was approximately eleven years old. Minor Victim 1 was a relative of the defendant and was in his care at the time the abuse occurred. And, not only did the defendant continuously sexually abuse his victim, but he took images of that abuse.

Even one instance of sexual exploitation or abuse can cause a lifetime of trauma for a child. What the defendant did in this case—subjecting his prepubescent victim to repeated abuse that he then recorded—is something that Minor Victim 1 will no doubt have to reconcile with for the rest of her life. The creation alone of this type of material depicting the abuse of a victim by someone she should have been able to trust is the ultimate betrayal and warrants a lengthy term of incarceration.

Moreover, the defendant had a collection of child pornography on his cellphone in addition to the explicit images of Minor Victim 1. This collection contained images of either real or computer-generated children as young as infants and toddlers. The devastating harm caused by the possession of child pornography has been long recognized by the Supreme Court and the Seventh Circuit. *See New York v. Ferber*, 458 U.S. 747, 758, n.10 (1982) (noting that a "child who has posed for a camera must go through life knowing that the recording is circulating within the mass

distribution system for child pornography"); *United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007) (acknowledging that the consumption of child pornography encourages its creation, as "the greater the customer demand for child pornography, the more that will be produced"). These voices, along with Minor Victim 1's, should not be forgotten in the Court's sentence.

**B. The Defendant's History and Characteristics Warrant a Sentence of 480 Months.**

The fact that the defendant has no criminal history does not make him any less culpable. While the defendant's crimes unfortunately took years to catch up to him, he repeatedly victimized Minor Victim 1 over the course of her childhood, essentially getting away with offense after offense with no punishment. The defendant's repeated exploitation of his victim, as well as his collection of images depicting child sexual abuse, show that the crimes he is charged with in the instant case are not an aberration. Rather, it demonstrates his persistent sexual interest in children and a demonstrated willingness to act on that attraction. This, too, warrants a sentence of 480 months.

**C. A Sentence of 480 Months is Necessary to Afford Adequate Deterrence, Promote Respect for the Law, and Protect the Public.**

A sentence of 480 months would also afford adequate deterrence, promote respect for the law, and protect the public. Such a sentence sends the message to the defendant, and the public, that it is not acceptable to sexually exploit those in your home and further victimize those minors who may seem faceless on the internet. It is paramount we protect children from dangers in society, especially when those dangers extend to children in a defendant's own home.

Deterrence and protection of the public is particularly important in cases involving the sexual exploitation of children and child pornography because those crimes can be committed by anyone—regardless of age—from their own homes, behind the screen of a phone or computer. A

sentence of 480 months of imprisonment will effectively meet those goals.

**D. A Sentence of 480 Months Avoids Unwarranted Sentencing Disparities.**

In fashioning a sentence, the Court should also consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A sentence of 480 months of imprisonment would avoid any unwarranted sentencing disparities among similar defendants for similar offenses.

Numerous similarly situated defendants have received significant sentences. For example, in *United States v. Bryan Fish*, No. 4:24-cr-00004-TWP-VTW, the defendant took sexually explicit photographs of three prepubescent children in his custody or care, which he then distributed. In 2024, he was sentenced to 50 years' imprisonment. Similarly, in *United States v. Donald Richards*, No. 1:20-cr-00146-JPH-DLP, the defendant was sentenced in 2021 to 60 years' imprisonment after he filmed the sexual abuse of two children in his care and distributed the material.

Recently, in *United States v. Kenyan Santos*, No. 1:25-cr-00094-JRO-MJD, the defendant, who had sexually abused and exploited a child in his care, was sentenced to 44 years' imprisonment. In *United States v. Moises Bojorquez*, No. 1:24-cr-00217-SEB-MG, the defendant sexually abused a prepubescent relative in his care and was sentenced to 40 years' imprisonment. In *United States v. James Dean Collett, Jr.*, No. 4:24-cr-00022-SEB-VTW, the defendant sexually exploited at least three minors via the internet and was sentenced to 35 years' imprisonment.

In sum, a sentence of 480 months, or 40 years, is fair and just when comparing the defendant's conduct to other defendants who have been sentenced for similar conduct in this District.

## V. CONCLUSION

WHEREFORE, the Government respectfully requests the Court sentence the defendant to a term of imprisonment of 480 months and 15 years of supervised release.

Respectfully Submitted,

THOMAS E. WHEELER II
United States Attorney

By: */s/ Carolyn A. Haney*
Carolyn A. Haney
MaryAnn T. Mindrum
Assistant United States Attorneys
Office of the United States Attorney
135 N. Pennsylvania Street, Suite 2100
Indianapolis, Indiana 46204-3048
Tel: (317) 226-6333
E-mail: carolyn.haney@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/Carolyn A. Haney*
Carolyn A. Haney
Assistant United States Attorney
Office of the United States Attorney
135 N. Pennsylvania Street, Suite 2100
Indianapolis, Indiana 46204-3048
Tel: (317) 226-6333
E-mail: carolyn.haney@usdoj.gov